IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFERY W. JONES,<br><br>                Plaintiff,<br><br>v.<br><br>CAPTAIN DEMILL et al.,<br><br>                Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:16-CV-1085-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, inmate Jeffery W. Jones, filed this *pro se* civil rights suit, *see* 42 U.S.C. § 1983, *in forma pauperis*, *see* 28 U.S.C. § 1915. The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### A. Deficiencies in Complaint

Complaint:

(a) fails to provide an affirmative link between specific defendants and specific civil-rights violations.

(b) inappropriately alleges civil rights violations on a respondeat-superior theory.

(c) refers to John-Doe types, without giving detailed information that would allow them to be identified.

(d) possibly attempts to state claims of inadequate medical treatment by corrections personnel but neither provides necessary factual details nor links of possible claims to specific defendants.

(e) appears to involve claims that are past the statute of limitations for a civil-rights case (see below).

(f) alleges conspiracy claims that are too vague (see below).

(g) improperly names Board of Pardons as a defendant, though it is not an independent legal entities that can sue or be sued.

(h) raises issues of classification change (decrease in privilege level) in a way that does not support a cause of action.

(i) alleges "a random and unauthorized deprivation of property under color of state law," without considering that such a claim "does not give rise to a § 1983 claim if there is an adequate state post-deprivation remedy." *See Frazier v Flores*, No. 13-1535, 2014 U.S. App. LEXIS 12936, at *4 (10th Cir. July 9, 2014) (unpublished) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

(j) erroneously equates the Offender Management Review process with the process due in a criminal case.

(k) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

### B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal

theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support section 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

## C.  Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983."  *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Plaintiff's claims accrued when "facts that would support a cause of action are or should be apparent."  *Id.* at 675 (citation omitted.  Some of the circumstances underlying these claims appear to have occurred more than four years before this case was filed.

## D.  Conspiracy

As to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted action.'"  *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (citation omitted).  Plaintiff has not met this responsibility in his current complaint; his vague assertions that multiple people were involved in effecting breaches of his civil rights, and, therefore, a conspiracy must be involved, are not enough.  He must assert more detail to pursue this claim further.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file another amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for service of process is **DENIED**.  (*See* Docket Entry # 9.)

There is currently no valid complaint on file to be served.

DATED July 11, 2017.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court